IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                                   PLAINTIFF/RESPONDENT

V.                            No.  5:10-CR-50124-JLH
                              No.  5:12-CV-05121-JLH

CONRAD ELIOT DICKSON                                        DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 22 filed June 27, 2012, under 28 U.S.C. §2255.  The Government filed its Response, *See ECF No.* 28 on September 14, 2012, and the Petitioner filed his Reply (ECF No. 31) on October 26, 2012.

### I.  Background

On December 6, 2010, Conrad Dickson ("Dickson") waived Indictment (Doc. 1), and the government filed an Information charging him with one count of conspiracy to use an interstate facility to promote prostitution in violation of Ark. Code Ann. § 5-70-102 and Section 567.020, RSMo., and thereafter performed and attempted to perform an act to distribute proceeds of such unlawful activity and to otherwise promote, manage, establish, carry-on and facilitate the promotion, management, establishment and carrying-on of such unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3)(A) and 371 (Doc. 2).

On December 6, 2010, Dickson entered into a written plea agreement with the government in which he agreed he had conspired to operate an intrastate and interstate prostitution enterprise under the guise of numerous escort service businesses. (Doc. 5, ¶ 7).

That same day, Dickson appeared with counsel before the Honorable Jimm Larry Hendren, Chief United States District Judge, and entered a plea of guilty to Count 1 of the Information. (Doc. 4).

On February 8, 2011, the Presentence Investigation Report ("PSR") was prepared by the United States Probation Office in the Western District of Arkansas. The PSR set Dickson's base offense level at 14 pursuant to U.S.S.G. § 2G1.1(a)(2). (PSR, ¶ 24). After receiving a 2-level adjustment for acceptance of responsibility, Dickson's total offense level was determined to be 12. (PSR,¶ ¶ 25 & 26). Dickson had five criminal history points which established his criminal history category as III. (PSR, ¶ 45). His resulting advisory guideline range was 15 to 21 months. (PSR, ¶ 71).

The government offered no objections to the PSR. However, Dickson lodged two objections. (Add. to PSR). In his first objection, Dickson objected to his criminal history calculation and disagreed with the stipulation of facts stating his involvement in the offense occurred as early as August 2004. Id. For his second objection, Dickson claimed he qualified for a mitigating role pursuant to § 3B1.2 and stated his offense level should have been reduced by 2 to 4 points. Id.. The probation officer disagreed with both objections stating his belief that the PSR was accurate. Id.

On April 28, 2011, the government filed a Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1. (Doc. 10). The government recommended Dickson be granted a one-level reduction in the offense level from a level 12 to a level 11 with a Guidelines range of 8 - 14 months imprisonment based on Dickson's substantial assistance. Id. On April 29, 2011, the government filed an Amended Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1, amending its recommended Guidelines range to 12 - 18 months imprisonment. (Doc. 11).

On June 17, 2011, Dickson appeared for sentencing. (Doc. 14). The Court reviewed the PSR, sustaining Dickson's first objection and hearing argument on his second objection. Id. The Court granted the government's motion for downward departure and expressed final approval of the plea agreement. Id. The Court sentenced Dickson to 12 months imprisonment, three years supervised release, a $2,000 fine, and a $100 special assessment. (Doc. 17). Dickson was advised of his right to apply for leave to appeal in forma pauperis. (Doc. 14).

On June 27, 2012 the Defendant filed the current motion under 2255 contending that; A) his conviction must be vacated based upon U.S. v. Santos; B) a conspiracy charge cannot be added to the substantive charge; C)innocence of the crime charged; D) Prosecutorial Misconduct; and E) Ineffective Assistance of Counsel.

## II.  Discussion

### A. Failure to Appeal

A § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus" (See *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)) but it is not a substitute for direct appeal. (See *U.S. v. Wilson*, 997 F.2d 429, 431 (C.A.8 (Ark.),1993)).  Petitioner may not obtain § 2255 relief for "unappealed errors to which no contemporaneous objection was made" unless he can show both cause and prejudice. *Reid v. United States*, 976 F.2d 446, 448 (8th Cir.1992), cert. denied, 507 U.S. 945, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). Here, Dickson offers no excuse for his default and without proper cause the prejudice aspect need not be addressed. Dickson's first, second, and fourth grounds for relief should be dismissed as they are procedurally barred but even if the Defendant's claims were not barred they are without merit.

### 1. United States v. Santos

The Defendant first contends that his conviction "must be vacated and dismissed based on the Supreme Court's ruling in *United States v. Santos*, 170 L.ED 2d 912 (2008)". (ECF No. 22, p. 4). He contends that "Proceeds" in the federal money laundering statute, 18 U.S.C. §1956, applies only to "Profits" and not criminal "Receipts"

However, this decision is not relevant in Dickson's case as he was not convicted of money laundering (18 U.S.C. §1956) but of Conspiracy to Use an Interstate Facility to Promote, Manage, Establish, Carry-on and Facilitate Prostitution under 18 U.S.C. §§ 1952(a)(3)(A) and 371. Unlike in Santos, Dickson was not convicted of money laundering which could have subjected him to a lengthier sentence but of conspiring to promote prostitution. (ECF No. 17).

### 2. Conspiracy

The Defendant next contends that he should not have been convicted of conspiracy to promoted prostitution because "an agreement by two person to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission. (ECF No. 22, p. 5).

The commission of a substantive offense and a conspiracy to commit it are two separate and distinct crimes. However, there are instances where a conspiracy charge may not be added to the substantive charge. Thus, an agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission. *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1940); *Gebardi v. United States*, 287 U.S. 112, 121, 53 S.Ct. 35,

77 L.Ed. 206 (1932); *United States v. Skillman*, 442 F.2d 542, 548 (8th Cir.), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). Conversely, this exception does not apply when the offense could be committed by one of the conspirators alone. Wharton's Criminal Law and Procedure, supra at p. 192. *U.S. v. Lupino* 480 F.2d 720, 725 (C.A.1973).

In this case the government did not seek to charge the Defendant with the substantive offense and the conspiracy and the Defendant's argument is without merit. If the Defendant's argument is that he could only be charged with the substantive offense and not the conspiracy charge that argument is also without merit. The 8th Circuit has allowed the joinder of the substantive offense and the conspiracy for a long time. *See U.S. v. Holder*, 271 F.2d 214, (C.A. 8th (Iowa (1959)).  Dickson offers no precedent supporting his argument that a conspiracy charge cannot be brought with a substantive offense of violating 18 U.S.C. § 1952(a)(3)(A). And persuasively, the Ninth Circuit has previously found a violation of the Travel Act does not require a conspiracy between two or more persons. *United States v Pezzino,* 535 F.2d 483 (9th Cir. 1976), cert. denied, 429 U.S. 839 (1976).  This view has been adopted in the 8th Circuit. (*See U.S. v. Reeder*, 614 F. 2d 1179 (C.A. Ark, (1980)); U. S.v. Evans, 285 F. 3d 664 (C.A. 8 (MO) 2002)).[1]

### 3. Prosecutorial Misconduct

The Defendant next argues that there "was no substantial federal interest"  in his prosecution since the underlying state charges were only "misdemeanors" under state law. (ECF No. 22, p. 9).

Congress specifically enacted 18 U.S.C.A. §1952 which provides that whoever "uses the

---

[1] The Defendant has abandoned this claim in his Reply. (ECF No. 31, p. 9).

mail or any facility in interstate or foreign commerce, with intent to--(1) distribute the proceeds of any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, shall be fined under this title, imprisoned not more than 5 years, or both.  The statute also specifically provided that "unlawful activity" means any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act), or prostitution offenses in violation of the laws of the State in which they are committed. 18 U.S.C. § 1952(b).

It is clear that Congress intended to extend to Federal Prosecution those misdemeanor acts that were engaged in crossing state lines in committing these offenses. Such acts have been routinely prosecuted in federal court. *See e.g., United States v. Nader*, 542 F.3d 713 (9th Cir. 2008) (indicted and pled guilty for violating 18 U.S.C. §§ 1952 by using the telephone to carry on a business enterprise involving prostitution in violation of Montana Code Ann. § 45-5-601); *United States v. Peets*, 165 F.3d 15 (2nd Cir. 1998) (unpublished) (affirming conviction where defendant had used the mail and other interstate commerce facilities to promote unlawful prostitution and distributed the proceeds of such prostitution, in violation of 18 U.S.C. §§ 1952(a)(1) & (3) and with conspiring to do so); *United States v. Muskovsky*, 863 F.2d 1319 (7th Cir. 1988) (The Travel Act violations were premised on the use of an interstate facility, the telephone, to promote, manage, facilitate and carry on acts of prostitution in violation of Illinois law); *United States v. Paris*, No. 03:06-CR-64 2007 WL 3124724, *10 (D.Conn. Oct. 24, 2007) (denying defendant's motion for judgment of acquittal for conviction for, among other charges, using cellular telephones to promote, manage, and carry on a prostitution business and accepting

credit card charges as payment for prostitution services in violation of 18 U.S.C. § 1952). As well as the 8th circuit cases previously mentioned.

In this case, the decision to charge Dickson with conspiracy to violate the Travel Act rested in the sound discretion of the Assistant United States Attorney. *See Wayte,* 470 U.S. at 607, 105 S.Ct. at 1530–31; I.D.P., 102 F.3d at 511 ("In the context of certification under this statute, the government's authority to ascertain the presence of a substantial federal interest is no different from its authority to decide whether to prosecute a case in a federal forum. This type of decision falls squarely within the parameters of prosecutorial discretion that [is unreviewable]."); *see also United States v. Armstrong*, 517 U.S. 456, ––––, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996) ("The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.' U.S. Const., Art. II, § 3." (other quotations and citations omitted)). U.S. v. Juvenile Male J.A.J. 134 F.3d 905, 909 (C.A.8 (Mo.),1998)

The Defendant also argues that there was misconduct on the part of the prosecutor because she knew that he had not persuaded, induced, enticed, or coerced any of the escorts working for them to have sexual relations with clients. (ECF No. 22, p. 9). The Defendant draws this language from 18 U.S.C. §2422 (Id.) but that statute deals with Transportation for Illegal Sexual Activity and has no relevance to the statute under which the Defendant was charged. It is possible that the Defendant was referring to Arkansas Statute 5-70-104 which provides that:

A person commits the offense of promoting prostitution in the first degree if he or she knowingly: (1) Advances prostitution by compelling a person by physical force or intimidation to

engage in prostitution or profits from such coercive conduct by another.

Promotion Prostitution in the First Degree is a Class D felony in Arkansas and as a result could carry a penalty of 0-6 years in the Arkansas Department of Correction.

Arkansas' misdemeanor provision is found at 5-70-105 which provides that:

A person commits the offense of promoting prostitution in the second degree if he or she knowingly advances prostitution or profits from prostitution by managing, supervising, controlling, or owning, wither alone or in association with another, a house of prostitution or a prostitution enterprise involving two (2) or more prostitutes.

All that is required in the Arkansas misdemeanor provision is knowledge which the Defendant admits to having. There was no Prosecutorial Misconduct in this case.

## B.  Ineffective Assistance of Counsel

The Defendant contends in Ground Three that his 6th Amendment rights were violated because his attorney was ineffective. He contends that his attorney allowed him to plea guilty to a charge that he should have known the Government could not prove. (ECF No. 22, p. 7).

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of

counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v.*

*Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The Defendant's argument is invalid because he argues that the government would have to proved that he persuaded, induced, enticed, or coerced the escorts to have sexual relation with the clients.  For the reasons stated above the government only had to prove that the Defendant "knew" that the escorts were engaging in prostitution.  The Defendant admits this in his pleading that the only proof the government had against his was that he "'**KNEW**' some of the escorts had sexual relations with some of the clients some of the time". (ECF No. 22, p7).  In the Stipulation of Facts in the Plea Agreement the Defendant also acknowledged that he "knew that females working as prostitutes for Mitchell's service were engaging in acts of prostitution by providing sexual services to customers for payment". (ECF No. 5, p. 5).  The Defendant also admitted to answering calls from customers, calling the prostitutes, and receiving payment from the customers and making payment to the prostitutes. (Id.).

The Defendant now argues in his Reply that he understands that the government only had to prove that he knew the escorts were having sex but that he never "witnessed" the escorts

-10-

having sex with clients. (ECF No. 31, p. 10).  The point remains that in his plea agreement and in the 2255 motion he admitted to knowing that the escorts were engaging in sexual activity which is all the government had to establish.

The Defendant's argument that the government could not prove its case against him is meritless. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990)

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of October 2012.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE